No. ——

First Circuit Appeal

---

## BEREON CAMPBELL FURNITURE CO. v. C. PAUL LEACH

---

(Dec. 30, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Ligest—Mandate—Par. 90.**

Where a person knowingly and voluntarily accepts the benefits under a contract of agency and employment which was made in his behalf but without his authority, he thereby assumes its obligations.

Appeal from the Parish of Vernon, Hon. Hal A. Burgess, Judge.

This is a suit to recover money alleged due on an open account. The defendant claims compensation for part of the claim by commission due him.

There was judgment for plaintiff less the commissions and plaintiff appealed.

Judgment affirmed.

W. W. Thompson, of Leesville, attorney for plaintiff and appellant.

C. E. Hardin, of Leesville, attorney for defendant and appellee.

LECHE, J. Plaintiff's demand is founded upon an open account for a phonograph, household furniture, bedding, rugs, etc., totaling $908.85, subject to a credit of $697.22, and showing a balance due of $211.63, which amount it prays for judgment against defendant. Defendant admits an in-

debtedness of $57.70, which together with accrued costs, he tendered to plaintiff in full settlement, at the same time he filed his answer.

The District Court rendered judgment in accordance with defendant's answer and plaintiff has appealed.

Defendant who resides at Leesville, in the Parish of Vernon, is regularly engaged in the business of selling and delivering sewing machines and in the pursuit of that business undertook as a side line, the sale and delivery of phonographs and other merchandise kept in stock by plaintiff whose establishment is located in Lake Charles. He went into the latter occupation at the solicitation of a Mr. Jencher, an agent and salesman of plaintiff, at a fixed compensation of ten per cent on the amount of the sales which he might make. It is not disputed that defendant made sales upon which he is entitled to commission which if credited to him, would reduce the claim of plaintiff to the amount tendered by him in his answer. But plaintiff contends that Jencher had no authority to make such contract in its behalf, with defendant, that, if any commissions are due to defendant, they are due by Jencher and not by itself. In argument plaintiff earnestly contends that there never was any contract entered into by defendant with any of its authorized officers and that it is not liable for any commissions which may have been promised to defendant by Jencher.

It thus appears that the whole matter in controversy is whether plaintiff is liable to defendant for commission amounting approximately to $154.00, upon sales of its merchandise made and effected by defendant.

It is true that there never was any expressed verbal or written contract between plaintiff and defendant as to these commissions, but the evidence shows abundantly that plaintiff knew of the agreement entered into in its behalf by Jencher with the defendant, that it credited defendant with the stipulated ten per cent commission on sales which it made without the intervention of Jencher, directly to defendant for his own account, that defendant sent orders to plaintiff for goods, that the goods were consigned to defendant to be by him delivered, and that a large amount of the credits appearing on the open account filed in the record, is for commissions earned by defendant under the contract made by Jencher. We believe that the evidence shows that the agreement made by Jencher with defendant, even if not authorized in the beginning, was subsequently approved, ratified and fully confirmed by plaintiff in its dealings with defendant, lasting over a period of two years.

Where a person knowingly and voluntarily accepts the benefits under a contract which was made in his behalf but without his authority, he thereby assumes its obligations.—Qui sentit commodum debet sentire et onus.

The judgment appealed from is therefore affirmed.